[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION AS TO FIRST COUNT, PURSUANT TO SUPREME COURT REMAND
The Court articulates its grounds for setting aside the jury verdict on the first count which alleged libel as follows:
1. The sole written statement covered by this count was a letter dated March 6, 1989, Exhibit T. The only recipient of this letter to testify was Mr. Gardner Hubbard, a local businessman. Mr. Hubbard was asked about his reaction upon reading the letter. His response was to the effect that the plaintiff was fortunate to become associated with the Pierce Company and he was going to write a note congratulating the plaintiff on its good fortune.
2. There was no evidence that anyone who read or received this letter interpreted it in a manner that was unfavorable to the plaintiff.
3. The court did not find the language to be libelous per se.
4. The court found the testimony of the defendant to be credible as to his belief that he had the authority to write the CT Page 6221 letter and that it was an attempt to salvage the business.
5. The plaintiff was hopelessly insolvent, was not performing well and its principal had cut expenditures for its operations to the point where it was barely functioning. No advertising was being done.
6. The court's charge on the four counts alleging libel and slander was contained in 9 pages. The jury verdict was with total disregard of the court's instructions, in particular:
 "Words, in order to be defamatory per se, must be susceptible of but one meaning, and that an approbrious one"; and ". . . a publication which is susceptible of two reasonable interpretations, one of which is defamatory and the other innocent, is not defamatory per se."
7. There was no evidence from which the jury could reasonably have concluded that recipients of the letter interpreted it as prejudicial to the plaintiff in the conduct of its business or in deterring others from dealing with it.
8. There was no evidence from which the jury could reasonably have concluded that the contents of the letter was a substantial factor in causing any of the damages claimed by the plaintiff.
Anthony V. DeMayo State Trial Referee